IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                   CASE NO.  16-CR-339 (NAM)
                                                          16-CR-340

CLIF SEAWAY,

                Defendant.

---

# **DEFENDANT'S RESPONSE TO THE GOVERNMENT'S SENTENCING MEMORANDUM**

DATED:    April 10, 2018                      LISA A. PEEBLES
                                                            Federal Public Defender

                                            By:
                                                           Randi J. Bianco
                                                          Assistant Federal Public Defender
                                                           Bar Roll No. 507514
                                                          Clinton Exchange, 3rd Floor
                                                          4 Clinton Street
                                                          Syracuse, New York   13202
                                                          (315) 701-0080

Pursuant to the Uniform Presentence Order issued by the Court, the defendant filed a sentencing memorandum in the above-captioned matter. The defendant's Sentencing Memorandum addressed the Presentence Investigation Report (PSR) only, as we had not yet received the government's sentencing arguments. This memorandum addresses the government's arguments.

**I.   GOVERNMENT'S SENTENCING RECOMMENDATIONS**

The government premises its arguments that "Clif Seaway is an unapologetic serial sex offender – a child rapist – whose victims are every child who ever had the misfortune of spending even one night in his presence." . . . "His entire life was built around [it]." [1] [Gov't memo at p 4].

The government overstates their position in several ways. First, Mr. Seaway was charged with conspiracy to sexually exploit a child (2 counts) and sexually exploiting a child (10 counts). Seaway has never denied having sex with the children, but rather argued at trial that the the production of the visual depiction was not *for the purpose of* engaging in the sexually explicit conduct. Simply put, Seaway's defense at trial was that he had sex with the children for the purpose of having sex, not for the purpose of taking pictures. This is very different from denying he committed the offenses (Gov't at p. 8). Seaway argued at trial that the prosecution should have been pursued in state court for the *actual sexual abuse* of the victims. The fact that the government now wants to label him a "child rapist" misstates what he is actually charged with. Additionally, the government's contention that Seaway built his "entire life around it" also misstates the evidence. Seaway is currently 62 years of age. According to the government's proof, the sexual conduct started in 2001 when Seaway was 45 years of age. This excludes the

---

[1] "it" refers to the use of children for his own sexual gratification

first 45 years of his life from this type of behavior.

## II. SEAWAY'S CHILDHOOD AND BACKGROUND

The government has argued that because Seaway's abuse was unverified, or disputed by his sister, it must be untrue. [Gov't memo at p.6]. Yet in the latter part of the government's memorandum, they argue extensively that "children are particularly reluctant to talk about sexual abuse." [Gov't memo at p. 9]. The government goes so far as to concede, "it is widely accepted among researchers that sex offenses against children go unreported and undetected, a factor that always should be considered is assessing the results of a sex offender recidivism study based solely on reported arrests or convictions. United States Sentencing Commission, Report to Congress: Federal Child Pornography Offenses (Dec 2012) at 295." [Gov't memo at p.9]. The government devotes almost two pages of their sentencing memorandum in discussing why child sexual offenses are underreported and therefore the "recidivism rates should be considered underestimates." [Gov't memo at pp 9-10].

The government cannot have it both ways. Seaway reported the sexual misconduct to his mother. She did not believe him. Then he stopped trying to report the sexual abuse and began running away from home. The failure to continue to try to report the abuse is entirely consistent with the government's arguments. It is also consistent with other studies. In fact, empirical research demonstrates that a majority of child sexual abuse victims do not disclose during childhood. *See* K. London et al., *Disclosure of Child Sexual Abuse: What Does the Research Tell Us About the Ways That Children Tell?* (2005). Furthermore, male victims are even less likely to disclose their abuse than their female counterparts. *See* S.E. Ullman et al., *Gender Differences in Social Reactions to Abuse Disclosures, Post-Abuse Coping, and PTSD of Child Sexual Abuse Survivors* (2005).

The government argues that Seaway's repeated rapes by his father and others "were not extreme and atypical abuse" [Gov't memo at p. 7]. If repeated rapes by a parent and others are not extreme, then what conduct is? The government further argues that there is no causal connection between the abuse and the commission of the offense. [Gov't memo at p. 7]. Nothing could be further from the truth. Studies reveal that child sexual abuse has been strongly correlated with depression, suicide, sexual promiscuity, and poor academic achievement. *See* E.O. Paolucci et al., *A Meta-Analysis of the Published Research on the Effects of Child Sexual Abuse* (2001). Being a victim of child sexual abuse is also correlated with becoming an offender later in life. *Id.* Unfortunately, Mr. Seaway became part of this cycle of sexual abuse.

The sexual abuse Seaway suffered is directly connected to the commission of the offense. The effects of the sexual abuse began early as it led Seaway to run away from home repeatedly when he was young. He then quite school in the ninth grade because he could not support himself and attend school. He chose to drop out of school and get a job rather than return home to the sexual abuse. The fact that Seaway was sexually abused by his own father and thereafter, began to sexually abuse his own children is not a coincidence. Dr. Lazzaro did a forensic psychological evaluation and determined that "Mr. Seaway has a heavy alcohol use and the events that underlie his Posttraumatic Stress Disorder include the emotional, physical and sexual abuse perpetuated on him for many years by his father . . " Thus, the prior sexual abuse is more than casually connected to the instant offense.

### III.   AGE AND RECIDIVISM

The government argues that age will not affect Mr. Seaway's rate of recidivism (Gov't memo at pp 8-11). If this Court were to sentence Seaway to 30 years plus a lifetime of supervised release, he will be close to 90 years of age upon the time of his release assuming he

gets credit for good behavior.  The government has cited no studies on the recidivism rates of persons released close to age 90 with extensive health issues.

### IV.  CONCLUSION

The government concludes that that a guideline sentence is warranted by Seaway's many crimes "and his complete failure to accept responsibility for his own actions." [Government memo at p 12].  Prior to trial Seaway offered to plead guilty to each offense for a sentence of 30 years incarceration plus life supervision. The government would not agree to these terms and wanted a sentence that would guarantee Seaway would die in prison. The fact that Seaway did not agree to die in prison does not mean he is not willing to accept responsibility for his actions. Seaway gave a 10 hour video-and audiotaped confession and a signed sworn statement before his arrest. He is remorseful and stopped being a hands-on offender more than two years before his arrest. Seaway wishes to undergo sex offender treatment, something he has never had before. We submit that a 30 year sentence is sufficient but not greater than necessary to satisfy the goals of the sentencing reform act.

DATED:      April 10, 2018                    LISA A. PEEBLES
                                              Federal Public Defender

                                       By:    *S/Randi J. Bianco, Esq.*
                                              Assistant Federal Public Defender
                                              Bar Roll No. 507514
                                              Clinton Exchange, 3rd Floor
                                              4 Clinton Street
                                              Syracuse, New York   13202
                                              (315) 701-0080

TO:   Lisa Fletcher, Esq., AUSA
      Janna Kulakowski, USPO
      Clif Seaway