```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
UNITED STATES OF AMERICA

vs.                                     5:16-CR-339
                                        5:16-cr-340
CLIF J. SEAWAY,

                          Defendant.
-----------------------------------------------------x
```

*Sentencing* - May 5, 2018

James Hanley Federal Building, Syracuse, New York

HONORABLE NORMAN A. MORDUE

United States District Judge, Presiding


A P P E A R A N C E S

For Government:        OFFICE OF THE UNITED STATES ATTORNEY
                       P.O. Box 7198
                       100 South Clinton Street
                       Syracuse, New York  13261-7198
                         BY:  LISA FLETCHER,
                              Assistant U.S. Attorney
                              CARINA SCHOENBERGER,
                              Assistant U.S. Attorney

For Defendant:         FEDERAL PUBLIC DEFENDER'S OFFICE
                       NORTHERN DISTRICT OF NEW YORK
                       4 Clinton Square
                       Syracuse, New York  13202
                         BY:  COURTENAY MCKEON, ESQ.
                              RANDI BIANCO, ESQ.


*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

*USA v. Clif Seaway - Sentencing - 5/3/2018*                    2

1          THE COURT:  Will the Clerk please call the case and

2   have counsel note their appearance for the record?

3          THE CLERK:  2016-cr-339 and 2016-cr-340, United

4   States of America versus Clif Seaway.  Please note your

5   appearances for the record.

6          MS. FLETCHER:  Lisa Fletcher and Carina

7   Schoenberger for the United States.  Good afternoon.

8          THE COURT:  Good afternoon, Counsel.

9          MS. BIANCO:  Good afternoon, Your Honor.  Randi

10  Bianco.

11         MS. MCKEON:  Good afternoon, Your Honor.  Courtenay

12  McKeon for the defendant Clif Seaway.

13         THE COURT:  Mr. Seaway, your case is on for

14  sentencing at this time.

15         Let me first inquire of counsel.  Do counsel have

16  the Presentence Report that was dated March 12, 2018, revised

17  April 10, 2018, and the addendum dated April the 10th, 2018?

18         MS. FLETCHER:  Yes, Your Honor.

19         MS. BIANCO:  Yes, Your Honor.

20         THE COURT:  Did you share it with your client?

21         MS. BIANCO:  I did.

22         THE COURT:  Did you get copies of the letters the

23  Court received?

24         MS. BIANCO:  Yes, sir.

25         THE COURT:  Are there any objections by the

1  government to the facts as stated in the Presentence Report?

2        MS. FLETCHER:  No objection.

3        THE COURT:  Defense?

4        MS. BIANCO:  We've already set forth our

5  objections.

6        THE COURT:  Are there any objections to the offense

7  level calculations in the Presentence Report?

8        MS. FLETCHER:  No objection.

9        THE COURT:  The defense?

10       MS. BIANCO:  No, Your Honor.

11       THE COURT:  And do you agree with the criminal

12  history computation set forth in the PSR?

13       MS. FLETCHER:  Yes.

14       MS. BIANCO:  Yes, sir.

15       THE COURT:  I'm ready to proceed with the

16  sentencing.  Does the government move sentence?

17       MS. FLETCHER:  Yes, we do.

18       THE COURT:  Do you wish to be heard?

19       MS. FLETCHER:  Yes, Your Honor.

20       THE COURT:  Go ahead.

21       MS. FLETCHER:  Your Honor, before I speak, two of

22  the victims in this case would like to address the Court.

23       THE COURT:  Okay.

24       MS. FLETCHER:  First SS.

25       THE COURT:  Good morning.

*USA v. Clif Seaway - Sentencing - 5/3/2018*                4

1          SS:  Good morning.

2          THE COURT:  What would you like to tell me?

3          SS:  I have been -- I haven't been able to see any

4     of my biological family for two years and this is the first

5     time that I've been able to see anybody from my family.  And

6     this whole thing has just torn me and my siblings apart.  I

7     have not spoken to any of them since 2016.  And I just, every

8     night I'm very broken down by this because I miss my siblings

9     very much and I just -- I don't know why this happened or why

10    this was even going on, and I just want him to realize that

11    he broke me very much.  He broke me emotionally, physically,

12    and I still hear his voice in the back of my head.

13          And I just -- I'm very self conscious about my

14    body.  I don't have very good relationships with males at

15    all.  I am very stingy to touches.  Just I've been tested for

16    every kind of disorder that you can probably think of.  I am

17    receiving counseling right now and it's just been horrible to

18    go through this.  And I am not very good with my emotions, so

19    it's been hard to talk about it for me because I just, I want

20    it to be over with.

21          It happened for so long that it felt normal for me.

22    And whatever apology that he thinks will make up for it, it

23    won't.  I'm -- I don't even call him my dad anymore.  And I'm

24    very sensitive to people's emotions, but he used me, he

25    abused me, and I was a possession to him.  And I know that

*USA v. Clif Seaway - Sentencing - 5/3/2018*

1    this would be my only time to speak what I was really feeling

2    and --

3              THE COURT:  You sent me a letter too, right?

4              SS:  Yes, sir.  And I'm currently on the verge of

5    being adopted right now and my new family is so much better

6    than my old one.  And I'm very happy right now.  And it's not

7    the kind of happy that I was there because I didn't really

8    know what happy was.  And I have amazing support going

9    through this and I just -- I can't thank the people enough

10   who have been working on this case or who have been through

11   all of it with me, and I have so much respect for them and

12   everybody who has been working for this.

13              And I just wish that I could speak to my other

14   siblings about this because I miss them and I just wish it

15   didn't tear our family apart like it did.  And whatever is

16   going to happen today, he deserves it.  I will never be able

17   to explain what he did to me because it just -- it was that

18   bad.  He just put me through so much and just made me feel

19   horrible about myself.  And I don't know how a parent could

20   look a child in the face, know that this is going on and

21   still say that they love them because that's not what love is

22   at all.

23              I don't know the meaning of family because of this.

24   I've been very broken down about this lately and still every

25   day in the back of my head saying everything that they used

*USA v. Clif Seaway - Sentencing - 5/3/2018*                    6

1    to or yelling at me or even just the thought of them, and I

2    just, I want them to get what they deserve fully and truly.

3    Thank you.

4                THE COURT:  Thank you.  Good luck to you.

5                MS. FLETCHER:  Judge, SV would also like to address

6    the Court.

7                THE COURT:  Good afternoon.

8                SV:  Good afternoon.  Just give me one second.

9                THE COURT:  Sure.

10               SV:  A lot of people have asked me if I'm excited

11   for this day, if I'm happy for all of it to be over, wishing

12   that I could get some closure.

13               I would just like to stress to the Court that these

14   kinds of crimes don't come with closure.  After today it's

15   not like I can shut the book on what happened to me or this

16   experience.  I will carry this pain with me for the rest of

17   my life and no amount of apologies or words could change

18   that.  Clif took something away from me when I was a child

19   that could never be replaced.  He took my experiences.  He

20   took my innocence.  And for that there is nothing that can be

21   done.

22               I am glad that the court part of this will be done

23   after today.  And I'm thankful for Lisa Fletcher and the

24   consideration the Court has given to this case.  But I ask

25   that you keep in mind the longevity of these kinds of

*USA v. Clif Seaway - Sentencing - 5/3/2018*

1    offenses the next time you get a case like this and right

2    now.  Even though it's over for all of us after today, it's

3    not over for those of us that had to live through it.  Thank

4    you.

5              THE COURT:  Thank you.

6              THE COURT:  Ms. Fletcher.

7              MS. FLETCHER:  Thank you, Judge.

8              Judge, I think it's apparent from the evidence in

9    this case, from the testimony you just heard, the statements

10   of the victims, from the evidence that was adduced at trial

11   that Clif Seaway ran his home like a house of horrors.

12   Children were groomed from an early age, even from infancy,

13   to engage in sexual acts with Clif Seaway, with Tammy Martin,

14   with Tammy Lamere, and they were groomed to pose for the

15   camera.

16             The children involved in this case were never

17   treated like children.  They never had a chance to enjoy the

18   innocence of childhood.  Instead, they were used to satisfy

19   Clif Seaway's sexual perversions.  To this day and for the

20   rest of their lives these children will suffer that the

21   memories of their childhood are overshadowed by acts of

22   sexual abuse and by the memory of Clif Seaway's touch.

23   Nothing can bring that reality into better focus than the

24   victim impact statement written by SV, which so compellingly

25   explains the devastation the defendant has wrought.

1          It's in the submissions that the defendant tries to

2    argue that he is remorseful and that he accepts

3    responsibility.  To prove that he says that's demonstrated by

4    his offer to plead guilty to a binding agreement for a thirty

5    year sentence.  But what that really means is that he is

6    conditionally remorseful and he was conditionally offering to

7    accept responsibility, but only on his own terms.  He wanted

8    to be in control of his sentence just as he controlled

9    everything else in his life, and most notably the children.

10         As SV so eloquently explained in her statement to

11   the Court, "That's what he thought he deserved.  But I

12   thought about all the times Clif woke me up with his head

13   between my legs.  I thought about all the times he asked me

14   if he was hurting me.  I thought about all the times my

15   stomach turned with fear when he called my name.  I still

16   wake up screaming, afraid he is going to creep in my room and

17   see me again.  I'm 21 years old and I haven't slept in the

18   dark since I was five years old."

19         Just because the government did not, would not,

20   could not agree to bind the Court to a sentence of the

21   defendant's choosing, under these facts and in this kind of

22   case does not mean that there were no other options available

23   to him.  He could have pled guilty any day, any time without

24   a guaranteed sentence.  But he was not willing to be that

25   remorseful, to accept that kind of responsibility or to take

1   that chance.

2          And while the children closest to Clif Seaway

3   suffered the brunt of his abuse, he did not spare those

4   children who spent even a night or two in his presence.

5   Imagine allowing your child to spend the night with a friend

6   only to some years later have the police show up at your door

7   and ask you to identify her in disgusting filthy images taken

8   while she slept.

9          NG and KS came into this courtroom and identified

10  their children in those pictures.  And they told the jury and

11  they told this Court how devastating those acts committed

12  upon their children by this defendant, how devastating they

13  have been against their children and how devastating they

14  have been for their families.

15         Imagine, too, if you will, a child groomed from

16  infancy to engage in oral and vaginal sex with this man.  A

17  child who knowing nothing more in her life had the

18  wherewithal to know that that was wrong and to finally put a

19  stop to it just shy of her tenth birthday.  That child, SS,

20  has a childhood photo album that includes over 6,000 sexually

21  explicit images taken of her by the defendant, images and

22  videos of her engaged in vile acts with a vile man, images

23  and videos taken on over 400 separate days of her childhood

24  and cataloged for easy access by age and sex act.  The images

25  and videos produced here at trial are but a minuscule

*USA v. Clif Seaway - Sentencing - 5/3/2018*

1  fraction of what this man produced, of what he did, and of

2  who he is.

3        Now the defense can argue all day that this was

4  never about the pictures, the thirteen years worth of

5  pictures, the thousands and thousands and thousands of

6  pictures, all cataloged in a complex system of file folders.

7  But the evidence does not support that theory, the law does

8  not support that theory, and the jury didn't buy it.  That

9  theory ignores also the uncharged conduct, the tens of

10  thousands of images of child pornography including of infants

11  and toddlers that Clif Seaway downloaded from the internet

12  and added to his collection.

13        I would like to offer a few words on the

14  defendant's other attempts at mitigation.  They fall far

15  short of providing any compelling reason to justify leniency.

16  The defendant was a victim of childhood abuse or he wasn't.

17  There's no way to know the truth of that allegation.  The

18  government has no way of knowing.  The Court has no way of

19  knowing.  His sister refutes it.  And he never mentioned it

20  in the nine hours he spent in the police interview following

21  his arrest.  He disclosed that only in anticipation of

22  mitigation.

23        Even if it is true, it doesn't excuse what he did

24  and it does not mitigate what he did.  At the end of the day,

25  to quote his own psychologist, "He knew what he was doing was

*USA v. Clif Seaway - Sentencing - 5/3/2018*

1    wrong but he did it anyway."  And that is the only usable

2    take-away from the self-serving psychological evaluation

3    proffered by the defense in this case, which is in all other

4    respects entirely useless.

5           The report done seven months before trial and

6    without benefit of the trial evidence is based entirely on a

7    self-reported history from the defendant, incomplete reports

8    from the case, and an examiner who did not even view the nine

9    hour videotaped confession, any of the images or videos that

10   the defendant produced, his cataloging system, nor did he

11   hear the statements of the victims, review their testimony,

12   their statements.  And the report, the psychological report

13   accepts as true Seaway's pathetic attempt to blame his

14   actions on Tammy Martin.  And then it concludes with

15   generalized and meaningless statements that are completely

16   unhelpful, especially to a Court that has seen the evidence

17   and the witnesses on the stand the first time.

18          Judge, the guidelines here are 360 years.  But the

19   question before the Court must really be and what the Court

20   must really decide is whether to imprison Clif Seaway for the

21   rest of his life or not.  Outside of that is just math; 60,

22   100, 360, it all ends up the same, Clif Seaway will never be

23   free to harm another child again, and that's the point as

24   well it should be.

25          Punish the defendant for what he has done.  Deter

*USA v. Clif Seaway - Sentencing - 5/3/2018*

1    others who may be of the same ilk, but most of all protect

2    society, protect its children from a man who sees them as

3    nothing more than a means to satisfy his own sick, twisted

4    compulsion.

5            Judge, with that goal in mind, a life sentence is

6    simply the only just result here.  So what is the difference

7    in the end between 60, 100, or 360 years?  The difference is

8    a statement.  A statement to the defendant, a statement to

9    his victims, a statement to others that justice was done here

10   today in this courtroom and that justice for such heinous

11   crimes will always be done in this court.

12           A maximum sentence is a true statement that the law

13   will not give one inch, one quarter, one year to those who

14   commit the most vile, deplorable and heinous crimes.  It is

15   time for Clif Seaway to face the consequences of his crimes,

16   crimes that went on for thirteen years, crimes that affected

17   so many children and so many families.  And those

18   consequences and this sentence need to be sure, just and

19   unwavering.  Simply put, the sentence needs to be 360 years.

20   Thank you.

21           THE COURT:  Thank you.  Ms. Bianco.

22           MS. BIANCO:  Thank you, Your Honor.  May I use the

23   podium?

24           THE COURT:  Sure.

25           MS. BIANCO:  Thank you.  First, there is no

*USA v. Clif Seaway - Sentencing - 5/3/2018*

1    question that what Clif did was terrible.  We're not denying

2    it.  And he caused severe damage to the victims.

3           But before Clif Seaway was ever a defendant in this

4    sex offense case, he was a victim himself.  He was a victim

5    for years of repeated sexual abuse and physical attacks.  He

6    had multiple abusers, including two family members.  His

7    abuse went on from ages two to thirteen.  And his abuse was

8    also brutal.

9           And it had a profound effect on Clif.  He attempted

10   suicide when he was young.  He had alcoholism throughout his

11   life.  He has post traumatic stress disorder.  And when he

12   was eight years old, he tried to tell his mother what was

13   going on.  And at the time he tried to tell his mother was

14   when his friend had died outside on the street in front of

15   him, and he went to his mother and he told his mother this is

16   what's happening, and she said, no, it didn't.  When he tried

17   to commit suicide and he went to a counselor, his father told

18   him don't say anything.  He told him to lie.

19          The government says there is no proof of this

20   sexual abuse.  Well, they themselves cite numerous studies in

21   their memo of law about how children don't often report

22   abuse.  It's very, very common.  And Clif tried to report it

23   but nothing happened.  So he did what many others do.  He

24   kept it to himself.

25          And as the Court knows from being on the bench for

*USA v. Clif Seaway - Sentencing - 5/3/2018*

1    a number of years, people who are sexually abused often grow

2    up to be sexual abusers.  We see this on a regular basis.

3    And it's not true all the time.  Some individuals really rise

4    and shine.  And one of the victims here did rise and shine,

5    and it's really miraculous to see somebody come out of it.

6    But that's not the norm.  That's rare and it didn't happen to

7    Clif.

8            What Clif did is terrible.  He knows that.  He is

9    not making excuses.  We went to trial with the defense that

10   not saying he didn't abuse the children, but that it wasn't

11   for the purpose of a visual depiction, that he should be

12   tried in state court for actually abusing the people, the

13   victims.

14           And he was clear from the beginning that he was

15   willing to plead guilty and accept responsibility.  He asked

16   for a thirty year sentence.  He is 61 years old.  Now to take

17   a thirty year sentence, he may or may not have lived through

18   it, but the government said no.  They wanted a trial.  And

19   Clif's only choice was a life sentence or to go to trial.

20           THE COURT:  I think my recollection is the

21   government wanted forty years.

22           MS. BIANCO:  Yeah.  We asked for thirty, they asked

23   for forty.  He is 61, he certainly would not have survived.

24           THE COURT:  The point I'm making, the government

25   didn't ask for a trial, they asked for a plea to that

*USA v. Clif Seaway - Sentencing - 5/3/2018*                    15

1    particular sentence, and then he couldn't get it.

2           MS. BIANCO:  Right.  We offered the thirty years

3    first and the government countered with forty.

4           The question for this Court to determine is whether

5    Clif deserves any mercy at all.  Now a thirty year sentence,

6    if the Court were to impose that, he would be close to ninety

7    upon his release.  Now it's unlikely he would live that long,

8    but even if he did, he would have life supervision.  As the

9    Court is aware, Clif has significant health problems, we've

10   listed those in the sentencing memo.  He was on Social

11   Security disability for a number of years.

12          What Clif did is terrible, there is no dispute.  He

13   has hurt a lot of people, but he is a sick man also and he

14   would like to get treatment.  Now we're not asking the Court

15   for a slap on the wrist.  Thirty years and life supervision

16   isn't a slap on the wrist.  We would ask the Court to

17   consider this so he has the smallest possibility of hope of

18   some day being able to be out in society again with life

19   supervision.

20          And, finally, we'd ask this Court to recommend a

21   designation of a facility in Tucson, Arizona, which has a sex

22   offender program.  Mr. Seaway is very interested in

23   participating in that sex offender program.  He does want to

24   get some help; it has never been offered before.

25          And with that, thank you, Your Honor.

*USA v. Clif Seaway - Sentencing - 5/3/2018*                16

1              THE COURT:  Thank you.

2              Mr. Seaway, is there anything you would like to say

3    before I pronounce sentence?

4              THE DEFENDANT:  Not at this time.  Thank you, sir.

5              THE COURT:  All right.  Clif Seaway, the Court has

6    reviewed and considered all of the pertinent information,

7    including, but not limited to, the evidence presented at

8    trial, the Presentence Investigation Report, the victim

9    impact statements, submissions by counsel, the 2016 edition

10   of the Sentencing Guidelines Manual, and the factors outlined

11   in 18, United States Code, 3553(a).

12             I am adopting the factual information and guideline

13   applications that are contained in the Presentence

14   Investigation Report.  I find you have a total offense level

15   of 43.  Your criminal history category is I.  Therefore, your

16   guideline range of imprisonment is life.  However, since no

17   count of conviction carries a potential life sentence, the

18   guideline sentence is 4,320 months, or 360 years, which is

19   the total punishment by combining the authorized maximum

20   sentences for each count of conviction.

21             After careful consideration of the record and the

22   arguments presented by both parties, I find no reason to

23   depart or to vary from an advisory guideline sentence that

24   calls for life imprisonment given my responsibility to impose

25   a sentence that is sufficient, but not greater than

*USA v. Clif Seaway – Sentencing – 5/3/2018*                17

1    necessary, to comply with the purposes of sentencing.  In

2    fact, I find a guideline sentence is necessary after

3    considering your history and characteristics, the seriousness

4    and the extent of your crimes against children, and the harm

5    you caused to each of these children.

6           The guideline sentence provides just punishment for

7    the thirteen years you victimized multiple children and it

8    deters you and others from engaging in the same

9    incomprehensible conduct, that being the rape, sexual abuse

10   and the exploitation of very young children.  The evidence in

11   this case included victim and co-defendant statements, and

12   your extensive production and collection of child pornography

13   demonstrates without reservation you are a serial child

14   predator who is a danger to society.

15          You victimized five children between 2001 and 2014.

16   And some of your conduct occurred with two different women.

17   You began abusing your victims at eleven days old, three

18   years old, four years old, six years old, and ten years old.

19   You sexually exploited the youngest three victims for several

20   years and you subjected two of these victims to years of

21   sexual abuse and rape.  One victim was sexually assaulted by

22   you from the time she was eleven days old until she was nine

23   years old.

24          You memorialized your sexual conduct with the

25   children by producing more than 6,700 sexually explicit files

*USA v. Clif Seaway – Sentencing – 5/3/2018*                18

1    over a 13 year period.  Your sexual fixation with children is

2    underscored by your extremely large collection of internet

3    child pornography and of non-pornographic depictions of

4    children's body parts, as well as how you maintained and

5    organized your collection while keeping several backup

6    copies.

7            I find the number of victims, the age of these

8    victims, the number of years you abused and exploited these

9    victims, and the number of images and videos you produced as

10   aggravating factors which taken as a whole call for nothing

11   less than a guideline sentence.

12           I've also considered victim testimony and the

13   victim impact statements in this case.  Although the harm you

14   caused is unmeasurable, the destruction you caused is

15   indisputable.  It is evident you had no regard for the

16   children's well-being or how your actions would impact their

17   lives forever.  To this day you have not accepted

18   responsibility for your conduct nor expressed any remorse or

19   regret for your actions.  In fact, your own psychological

20   evaluation report states that while you did not fully

21   comprehend the nature and consequences of your behavior at

22   the outset or that it was wrong, you soon recognized the

23   nature and consequences of your conduct and new it was wrong

24   but continued to offend anyway.

25           Given your lack of remorse, the nature of your

*USA v. Clif Seaway - Sentencing - 5/3/2018*          19

1  conduct and the available statistics and research regarding

2  rates of recidivism for child pornography offenses, I find

3  your risk of reoffending is high and that your risk will not

4  decrease with age.  As a repeat and dangerous sex offender

5  who preys on the most vulnerable in our society, who fails to

6  acknowledge the serious nature of his crimes, I find only a

7  guideline sentence can ensure the safety of the community,

8  reflect the seriousness of your offenses against children,

9  provide just punishment for the extent of your crimes against

10 children, and afford adequate deterrence.

11      A guideline sentence will also avoid sentence

12 disparities among those like you who are among the most

13 dangerous sex offenders in our society.

14      Therefore, having been found guilty of Counts One

15 through Seven of Indictment 6:16-cr-339, and Counts One

16 through Five of 16-cr-340, it is the judgment of this Court

17 that you are hereby committed to the custody of the Bureau of

18 Prisons to be imprisoned for a term of 4,320 months, or 360

19 years.

20      This term consists of 360 months on each count of

21 conviction, all to run consecutively to each other.  As

22 requested, I recommend to the Bureau of Prisons that you be

23 placed at the federal correctional facility in Tucson to

24 serve your sentence.

25      I have imposed a sentence with the understanding

1    that you will not be released from prison.  However, in the

2    event you are released, you shall be placed on supervised

3    release for a term of life on each count to run concurrently.

4    If applicable, you shall not commit another federal, state or

5    local crime, and you shall comply with the standard

6    conditions that have been adopted by this Court.  Due to the

7    unlikeliness of your release, no special conditions will be

8    imposed at this time.

9            You shall also pay to the Clerk of the Court a

10   special assessment of $1,200, which is due immediately.  I

11   find, however, you do not have the ability to pay a fine or

12   the additional special assessment; therefore, both are

13   waived.

14           You shall forfeit to the United States all right,

15   title and interest in the items listed in the preliminary

16   order of forfeiture which was signed by this Court February

17   the 9th, 2018.

18           Both parties have the right to appeal this sentence

19   in certain limited circumstances.  You are advised to consult

20   with your attorney to determine whether or not an appeal is

21   warranted.  Any appeal must be filed within 14 days of the

22   day of the judgment in this case.

23           Will you take care of that, discuss that with him,

24   Ms. Bianco?

25           MS. BIANCO:  Absolutely, Judge.

*USA v. Clif Seaway – Sentencing – 5/3/2018*

1        THE COURT:  So you are now hereby remanded to the

2   custody of the United States Marshal in accordance with the

3   terms of this sentence.

4        I believe that completes this matter.

5        MS. FLETCHER:  Yes, Your Honor.  Thank you.

6        MS. BIANCO:  Your Honor, just for the record, we

7   would object to the Court's not departing the sentence just

8   based on our sentencing memo.

9        THE COURT:  Okay.

10        THE CLERK:  Court stands adjourned.

11                *              *              *

12

13

14

15

16

17

18

19

20

21

22

23

24

25

C E R T I F I C A T I O N

I, EILEEN MCDONOUGH, RPR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

_____

EILEEN MCDONOUGH, RPR, CRR
Federal Official Court Reporter